416 F.Supp.2d 1369 (2006)
In re CANON U.S.A., INC., DIGITAL CAMERAS PRODUCTS LIABILITY LITIGATION
Wing Law
v.
Canon U.S.A., Inc., C.D. California, C.A. No. 2:05-7959
In re Canon Cameras Litigation, S.D. New York, C.A. No. 1:05-7233
No. 1740.
Judicial Panel on Multidistrict Litigation.
February 24, 2006.
*1370 Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL[*] and DAVID R. HANSEN,[*] Judges of the Panel.

TRANSFER ORDER
WM. TERRELL HODGES, Chairman.
This litigation currently consists of one action pending in the Southern District of New York and one action pending in the Central District of California.[1] Defendant Canon U.S.A., Inc. (Canon) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of New York. Plaintiff in the Central District of California action opposes centralization.
On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative class actions sharing factual questions regarding alleged defects in Canon digital cameras and, more specifically, Canon's proprietary digital imaging integrated circuit (DIGIC) processor, which is a component in several of those cameras, including its PowerShot line. The DIGIC processor functions as the "brain" of the camera, controlling nearly all camera functions. Plaintiffs in the actions claim that two principal problems arise from the defective processor, both of which render the camera inoperable: 1) an "E18" error message, which signifies irreparable problems with the camera's lens barrel extension and retraction; and 2) a "Memory Card Error" message (sometimes referred to as an "E50" error message). Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.
Plaintiff in the Central District of California action argues that the actions are not sufficiently factually complex to warrant Section 1407 centralization and that *1371 informal coordination of discovery would be a preferable alternative. These arguments are unpersuasive. Transfer of these related actions to a single judge has the salutary effect of fostering a pretrial program that: i) allows pretrial proceedings with respect to any individualized concerns (such as objecting plaintiff's expressed focus regarding a putative California class of plaintiffs) to proceed concurrently with pretrial proceedings on mutual matters; and ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.
We are persuaded that the Southern District of New York is an appropriate transferee forum for this litigation. The action in this district has been pending longer, and is more procedurally advanced, than the Central California action. Moreover, the Southern District of New York will likely provide a source of relevant documents and witnesses, inasmuch as Canon's principal place of business is located there.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Central District of California is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jed S. Rakoff for coordinated or consolidated pretrial proceedings with the action pending in that district.
NOTES
[*] In light of the fact that Judge Vratil and Judge Hansen could be members of the putative class(es) in this litigation, each of them has filed with the Clerk of the Panel a formal renunciation of any claim that they may have as a putative class member, thereby removing any basis for a disqualification of Judge Vratil or Judge Hansen on that ground.
[1] The Panel has been notified of an additional action pending in the Southern District of New York. This action and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).